FILED
United States Court of Appeals
Tenth Circuit

**March 19, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RENEE ISLAND,

Defendant-Appellant.

No. 08-6111
(D.C. No. 5:07-CR-00049-C-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **McCONNELL**, **McKAY**, and **GORSUCH**, Circuit Judges.

Renee Island appeals from her conviction for conspiracy and

embezzlement.  On appeal, she argues that because the jury found her guilty

of misdemeanor embezzlement, her conviction for felony conspiracy should be

vacated and reentered as a misdemeanor, and in any event, the evidence

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was insufficient to support the verdicts. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

*Background*

The Cheyenne and Arapaho Indian Tribes of Oklahoma (Tribes), are a federally recognized Indian Tribal Government headquartered in Concho, Oklahoma. The Tribes, which are governed by a business committee consisting of eight elected officials from six districts, opened the Lucky Star Casinos in the 1990s. Federal law prohibits the distribution of net tribal gaming revenues for any purposes other than those set forth by statute. 25 U.S.C. § 2710(b)(2)(B).

In 2001, Ms. Island was hired as a secretary/assistant by Robert Tabor, the chairman of the business committee and elected representative of Arapaho District A-2. Initially, the committee used a single checking account for net gaming proceeds from which any of the eight members could write checks. Later, the committee implemented a system by which its treasurer and Cheyenne District C-4 representative, Eddie Whiteskunk, would divide the proceeds among individual committee members, including himself and Mr. Tabor.

Beginning in 2002, Ms. Island worked exclusively for Messrs. Whiteskunk and Tabor and ran their offices on a daily basis. Part of her duties included writing checks from their respective gaming proceeds checking accounts to tribal members who needed financial assistance – authorized expenditures under § 2710(b)(2)(B). During this same time and on trips to Las Vegas, Nevada,

and Albuquerque, New Mexico, Ms. Island obtained money from those checking accounts (wire transfers) for her and others' personal use, which formed the basis of her ensuing indictment for conspiracy and embezzlement. The evidence was that she obtained more than $15,000 that was later divided among the participants. Following a two-day trial, the jury found her guilty of five counts of embezzlement of less than $1,000 under 18 U.S.C. § 1163, and one count of conspiracy to commit an offense against the United States under 18 U.S.C. § 371.[1]

*Sufficiency of the Evidence*

We address first Ms. Island's argument that the government failed to produce sufficient evidence to support her convictions.

> The standard of review makes it difficult to prevail on a sufficiency of the evidence claim[,] . . . [because] [a]lthough we review the trial record de novo, we do not reverse if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*United States v. McPhilomy*, 270 F.3d 1302, 1307 (10th Cir. 2001) (internal citation and quotation marks omitted). "In so doing, we resolve any possible conflicts in the evidence in favor of the government and assume that the jury found that evidence credible." *United States v. Doddles*, 539 F.3d 1291, 1293-94 (10th Cir. 2008).

---

[1] Ms. Island neither testified nor called any witnesses at trial. She did move for a judgment of acquittal on all counts at the end of the government's case.

Ms. Island's argument with respect to the conspiracy charge is that there was no agreement; instead, "[s]he just did what she was told, by those who had authority over her job and over the money." Aplt. Br. at 22. She compares her conduct to that of the defendant in *United States v. Butler*, 494 F.2d 1246 (10th Cir. 1974). The facts are strikingly different. Mr. Butler was an airman who served under Sergeant Greene. Sergeant Greene and others entered into a conspiracy to procure equipment for their own use from a storage facility. After deciding that he personally could not use a number of radios that he had obtained, Sergeant Greene brought them to the shop where Airman Butler worked and "left them there with the understanding that anyone who wanted one could have one." *Id*. at 1248. Airman Butler took one radio to his room, where he uncrated, examined, and repacked it, and put it in his locker. He was transferred a short time later and left the radio behind without any instructions as to its disposition. In reversing Airman Butler's conspiracy conviction, we held

> [n]owhere in the record can we find testimony implicating him in a conspiracy. This court has often noted that the essence of the crime of conspiracy is an agreement to violate the law. While the agreement need not take any particular form, there must at some point be a meeting of the minds in the common design, purpose, or object of the conspiracy.

*Id*. at 1249 (citation omitted). Unlike Airman Butler's case, there is ample evidence there was a meeting of the minds between Ms. Island and her co-conspirators – she knew the purpose and objective of the conspiracy, agreed to

it, and actively participated in achieving its goals by obtaining money for herself and others.

As to embezzlement, Ms. Island argues "[t]he 'embezzlers' in this case were Tabor and Whiteskunk, . . . who were looting the Tribe's casino proceeds. [They] . . . had authority to acquire and access the money. They used Island as [an] instrument to do so. Thus, Island was one step removed from the embezzlement chain, so to speak." Aplt. Br. at 23.[2] This is like arguing that participants in a theft ring who deliver the stolen goods to the ring leader for distribution are not guilty of theft because they are the underlings. We reject this legal argument as lacking merit.

*Felony Conspiracy*

Ms. Island claims that because the jury found on each of the five counts of embezzlement she obtained less than the amount required for felony embezzlement, her conviction for felony conspiracy should be converted to misdemeanor conspiracy. We review this question of statutory interpretation de novo. *United States v. Youts*, 229 F.3d 1312, 1316 (10th Cir. 2000).

We reject this argument under a plain reading of the conspiracy statute, which provides that

> [if] two or more persons conspire either to commit any offense
> against the United States, or to defraud the United States, or any

---

[2] Messrs. Tabor and Whiteskunk could not legally access the money for their personal use but only for the purposes in 25 U.S.C. § 2710(b)(2)(B).

agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

If, however, the offense, the commission of which is *the object of the conspiracy*, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

18 U.S.C. § 371 (emphasis added).

The statute requires the courts to examine the offense that is the object of the conspiracy to determine whether the conspiracy is a felony or misdemeanor. As such, we agree with the district court's conclusion that

[t]he fact that the jury found Ms. Island guilty of embezzlement of a sum less than $1,000 has no real bearing on whether the jury found guilt on the felony conspiracy charged in the indictment. It is a separate crime. It is a charge of conspiring to violate the laws of the United States, not to embezzle money from the Cheyenne & Arapaho tribe. The overt acts alleged in support of the conspiracy allege that a sum in excess of $15,000 was the object of the conspiracy. That is clearly a felony.

R. Vol. 1, Sentencing Hr'g at 5. *See generally United States v. Gallup*, 812 F.2d 1271, 1277 (10th Cir. 1987) (holding that because "[i]t is axiomatic that [the defendants] could have been prosecuted for conspiracy without ever having

committed a substantive crime," they could be charged with felony conspiracy and misdemeanors).

The judgment of the district court is AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge